# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In re:<br><br>LEEANN BENNINGHOFF<br>a/k/a LEE A BENNINGHOFF<br>a/k/a LEE ANN BENNINGHOFF,<br><br>Debtor. | Chapter 13<br><br>Case No. 18-20860 (CMB) |
| COMMONWEALTH LAND TITLE INSURANCE COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>LEEANN BENNINGHOFF,<br><br>Defendant. | Adv. Pro. No. 18-_____(CMB)<br><br>**ADVERSARY COMPLAINT** |

## COMPLAINT TO DETERMINE DISCHARGEABILITY OF DEBT

Plaintiff Commonwealth Land Title Insurance Company ("Commonwealth" or "Plaintiff"), by and through its undersigned counsel, hereby files this complaint (the "Complaint") to determine dischargeability of debt pursuant to sections 523(a)(2)(A), 523(a)(2)(B), 523(a)(4) and 523(a)(6) of Title 11 of the United States Code (the "Bankruptcy Code") against Defendant Leeann Benninghoff (the "Debtor"). In support hereof, Commonwealth alleges as follows:

## PARTIES, JURISDICTION AND VENUE

1.      This Court has subject matter jurisdiction over this adversary proceeding (the "Adversary Proceeding"), which arises under the Bankruptcy Code and arises in and relates to the above-captioned Chapter 13 bankruptcy case commenced in this Court.

2. The Adversary Proceeding is a core proceeding to be heard and determined by the Court pursuant to 28 U.S.C. § 157(b), and the Court may enter final orders for matters contained herein.

3. Venue is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409.

4. The statutory predicates for the relief sought herein are sections 523(a)(2), 523(a)(4) and 523(a)(6) of the Bankruptcy Code.

5. Commonwealth is a Florida corporation with its principal place of business at 601 Riverside Avenue, Jacksonville, Florida 32204.

6. Debtor is an individual located at 6123 Chatham Drive, Aliquippa, Pennsylvania, 15001, and is the debtor in the above-captioned Chapter 13 bankruptcy case.

## BACKGROUND

7. The Debtor filed a voluntary petition for relief under Chapter 13 of the Bankruptcy Code on March 6, 2018 (the "Petition Date").

8. Prior to the Petition Date, Debtor was the principal/owner of Complete Escrow Services, LLC ("Complete Escrow"), a Pennsylvania limited liability company.

9. On or about August 20, 2014, Commonwealth entered into an Issuing Agency Contract (the "Contract") with Complete Escrow. The Contract was executed by the Debtor as "owner" of Complete Escrow and was countersigned by Commonwealth.

10. The Debtor also executed a Personal Guarantee of the Contract within which she personally guaranteed all of the obligations, liabilities, and duties that Complete Escrow agreed to under the Contract.

11. Pursuant to the Contract, Commonwealth appointed Complete Escrow "as a policy issuing agent of [Commonwealth] for the sole purpose of issuing title insurance

commitments, policies, endorsements and other title assurances approved by [Commonwealth]" for real property located within Pennsylvania, Maryland and New Jersey.

12. Complete Escrow was responsible for, *inter alia*, issuing title insurance commitments, policies, endorsements and other title assurances on behalf of Commonwealth.

13. Complete Escrow was also responsible for the collection of all premium and fees collected on behalf of Commonwealth for the title assurances issued by Complete Escrow.

14. The Contract required Complete Escrow to (a) maintain funds in accounts fully insured by the FDIC, (b) keep funds separate from Complete Escrow's personal or operating accounts, (c) disburse funds only for the purposes for which they were entrusted; (d) maintain an escrow ledger for each title insurance order involving fiduciary funds; (e) maintain a control account showing total fiduciary liability, and (f) reconcile monthly the control account and ledger records to the monthly bank statement.

15. Pursuant to the Contract, Complete Escrow agreed, among other things, to indemnify Commonwealth for all fines, penalties, attorneys' fees, court costs, administrative and other expenses and loss or aggregate or losses (collectively "Losses") resulting from the failure of Complete Escrow, its officers and employees to comply with the terms of the Contract.

16. To render its closing services, Complete Escrow maintained a number of accounts, including its designated escrow account held with Citizens Bank and bearing account number XXXXXX-402-7 (the "Escrow Account").

17. The Escrow Account is a fiduciary account holding settlement proceeds for real estate transactions and non-transaction specific funds for disbursement pursuant to closing instructions.

18. On or about February 27, 2017, the Debtor advised Commonwealth of irregularities in the Escrow Account and acknowledged that there was a shortfall resulting in many mortgage transactions not being funded and properly closed. Specifically, the Debtor identified certain transactions involving unpaid prior mortgages.

19. Commonwealth's subsequent investigation confirmed several loan transactions for which Complete Escrow issued title assurances on behalf of Commonwealth to lenders without properly conducting the closing. Commonwealth had issued Closing Protection Letters (CPL) in these transactions insuring the lenders against certain title-related losses arising from the misapplication of the lender's funds by Complete Escrow.

20. Commonwealth's investigation also confirmed that the balance in the Escrow Account reflected a significant shortfall of the amount needed to satisfy the outstanding mortgage payoffs. Upon information and belief, Complete Escrow had improperly transferred funds placed in the Escrow Account to Complete Escrow's operating account, and in some cases, transferred to the Debtor's personal account and/or to accounts of the Debtor's husband, Shawn Benninghoff.

21. Commonwealth terminated the Contract and its business relationship with Complete Escrow on February 27, 2017 for cause.

22. On March 3, 2017, Commonwealth commenced an action against Complete Escrow, Debtor, Shawn Benninghoff and William Yarussi in the Court of Common Pleas of Allegheny County, Civil Division, Case No. GD-17-3349.

23. On or about March 3, 2017, the Court of Common Pleas entered a Consent Order freezing Complete Escrow's accounts and providing that no funds could be distributed directly or indirectly from such accounts pending further order of the Court.

## COMMONWEALTH'S CLAIMS AGAINST THE DEBTOR

24. On May 8, 2018, Commonwealth filed its proof of claim in the Debtor's bankruptcy case (the "Commonwealth Proof of Claim"), docketed as Claim Number 16 on the claims register.

25. As set forth in the Commonwealth Proof of Claim, the Debtor is liable to Commonwealth for claims consisting of (a) breach of fiduciary duties and (b) breach of the Debtor's guarantee of her personal guarantee (collectively, the "Claims").

26. The Debtor had a duty and responsibility, including an independent duty of care, (a) to properly maintain the Escrow Account, (b) to account for all payments and funds Complete Escrow received in connection with the issuance of Commonwealth's polices, and (c) to pay such funds to the proper recipients.

27. Funds held and/or required to be held in the Escrow Account were entrusted to the Debtor in a fiduciary capacity.

28. The Debtor knowingly breached her duties and responsibilities by improperly maintaining the Escrow Account, by intentionally misapplying or transferring funds from the Escrow Account, and by causing a significant shortfall in the Escrow Account.

29. The Debtor further breached her fiduciary duties by knowingly failing to produce funds which were entrusted to her in a fiduciary capacity.

30. The Debtor had knowledge of the above actions and personally benefitted from such actions by personally receiving and diverting funds from the Escrow Account for her own benefit and/or for the benefit of her husband, Shawn Benninghoff.

31. Commonwealth suffered damages as a result of the Debtor's breach of fiduciary duties, including, without limitation, claims made upon Commonwealth related to the shortfall in the Escrow Account and related Losses, including attorneys' fees.

32. As set forth above, the Debtor personally guaranteed all performance and liabilities under the Contract.

33. In so doing, the Debtor guaranteed the payments of all obligations for which Complete Escrow is liable to Commonwealth.

34. Accordingly, the Debtor is liable to Commonwealth for all amounts owed by Complete Escrow under the contract plus all Losses, including attorneys' fees, as set forth more fully in the Commonwealth Proof of Claim.

### CAUSE OF ACTION
**(Determination of Non-Dischargeability of Debt Pursuant to
11 U.S.C. §§ 523(a)(2)(A), 523(a)(2)(B), 523(a)(4) and 523(a)(6))**

35. The Plaintiff repeats and re-alleges each of the allegations set forth above as if fully set forth herein.

36. Commonwealth's Claims are non-dischargeable pursuant to 11 U.S.C. § 523(a)(2)(A) because the claims are for money obtained by false pretenses, false representations or actual fraud, on the part of the Debtor and for which the Debtor is legally responsible.

37. Further, Commonwealth's Claims are non-dischargeable pursuant to 11 U.S.C. § 523(a)(2)(B) because they are claims for money obtained by use of a statement in writing that is materially false respecting the Debtor's financial position on which Commonwealth reasonably relied and that Debtor caused to be made or published with the intent to deceive for which the Debtor is legally responsible.

38. Commonwealth has also been damaged because of the Debtor's acts of fraud and defalcation in connection with her fiduciary duties (a) to properly maintain the Escrow Account, (b) to account for all payments and funds Complete Escrow received in connection with the issuance of Commonwealth's polices, and (c) to pay such funds to the proper recipients. Her conduct was also willful and malicious. Therefore, Commonwealth's Claims are non-dischargeable pursuant to 11 U.S.C. §§ 523(a)(4) and 523(a)(6).

39. As a direct result of Debtor's fraudulent misrepresentations, fraudulent conducts, breaches of fiduciary duty, defalcation and willful and malicious conduct, Commonwealth has incurred non-dischargeable debts.

WHEREFORE, Commonwealth respectfully requests that this Court enter judgment in favor of Commonwealth and against Debtor determining that Commonwealth's Claims against the Debtor are non-dischargeable pursuant to 11 U.S.C. §§ 523(a)(2)(A), 523(a)(2)(B), 523(a)(4) and 523(a)(6), and for such other and further relief as the Court deems just and proper.

Dated: July 11, 2018

SAUL EWING ARNSTEIN & LEHR LLP

*(signature)*

Aaron S. Applebaum, Esq. (Bar No. 208818)
1500 Market Street, 38th Floor
Philadelphia, PA 19102
Telephone:    (215) 972-8582
Facsimile:    (215) 972-1817
Email:    aaron.applebaum@saul.com

*Counsel for Commonwealth Land Title Insurance Company*